UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JASON S. BROWN,<br><br>                  Petitioner,<br>v.<br>WARDEN BAKER, *et al.,*<br><br>                  Respondents. | Case No. 3:17-cv-00687-MMD-WGC<br><br>ORDER |

This habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's motion for appointment of counsel (ECF No. 1-3) and motion for a stay (ECF No. 1-2) submitted with the petition as well as for initial review under Rule 4 of the Rules Governing Section 2254 Cases. The filing fee has been paid.

On petitioner's motion for appointment of counsel, the financial exhibits submitted with the pauper application establish petitioner's financial eligibility for appointment of counsel under 18 U.S.C. § 3006A. The Court finds that appointment of counsel is in the interests of justice given petitioner's allegations of mental health issues possibly with regard to both the underlying offenses and competency in the state proceedings; the limitations placed on inmates in accessing, possessing, and presenting their medical records; the complexity of the potential procedural issues presented; and petitioner's relatively lengthy sentence of 11 to 28 years. In appointing counsel, the Court makes no implicit finding or holding with regard to the existence of any alleged mental health issues and/or their impact on procedural and/or substantive issues in this action.

The motion for a stay will be denied without prejudice to a motion seeking a stay filed through counsel either in conjunction with or in lieu of an amended petition.

It is therefore ordered that, the filing fee having been paid, the Clerk of Court will file the petition.

It is further ordered that the Clerk file the accompanying motion for a stay (ECF No. 1-2), that the motion is denied without prejudice, and that the Clerk will reflect this disposition of the motion when docketing the motion.

It is further ordered that the Clerk file the accompanying motion for appointment of counsel (ECF No. 1-3), that the motion is granted, and that the Clerk will reflect this disposition of the motion when docketing the motion. The counsel appointed will represent petitioner in all federal proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw.

It is further ordered that the Federal Public Defender will be provisionally appointed as counsel and will have thirty (30) days to undertake direct representation of petitioner or to indicate to the Court the office's inability to represent petitioner in these proceedings. If the Federal Public Defender is unable to represent petitioner, the Court then will appoint alternate counsel. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. The Court anticipates setting the deadline for approximately one hundred twenty (120) days from entry of the formal order of appointment. Any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

///

It is further ordered, so that the respondents may be electronically served with any papers filed through counsel, that the Clerk add state attorney general Adam P. Laxalt as counsel for respondents and make informal electronic service of this order upon respondents by directing a notice of electronic filing to him. Respondents' counsel must enter a notice of appearance within twenty-one (21) days of entry of this order, but no further response will be required from respondents until further order of the Court.

It is further ordered that the Clerk send a copy of this order to the *pro se* petitioner, the Nevada Attorney General, the Federal Public Defender, and the CJA Coordinator for this division.

The Clerk additionally will provide copies of all prior filings herein to both the Attorney General and the Federal Public Defender in a manner consistent with the Clerk's current practice, such as regeneration of notices of electronic filing.

DATED THIS 22nd day of February 2018.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE